Dear Ms. Hennigan:
The following is in response to your correspondence of recent date requesting clarification of released Attorney General Opinion 96-290.
A deputy assessor holds a local appointive office, as the office is specifically provided for by state law, under LSA-R.S.47:1903, which states in part:
 Each tax assessor is authorized to appoint as many deputies as he may require. Such deputies shall take the constitutional oath of office. . . . .
An individual who serves as mayor of a municipality holds local elective office. The concurrent holding of these offices is violative of LSA-R.S. 42:63(D) which provides in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. (Emphasis added).
The municipality and the tax assessor's office fall within separate political subdivisions of the state under LSA-R.S.42:63(9); however, the law makes it impermissible for one to hold local elective office and full-time appointive office in either the same or separate political subdivisions. Our conclusion herein is in conformity with Attorney General Opinion 92-304, and we reaffirm that opinion as correct.
With respect to Attorney General Opinion 96-131, a different scenario was proposed, i.e., could an individual hold employment with the assessor's office and hold the local elective office of mayor. Our response remains in the affirmative with respect to LSA-R.S. 42:63(D), as the prohibitory language makes impermissible the simultaneous holding of local elective office and employment within the same political subdivision. As previously stated, the parish assessor's office and the municipality are separate political subdivisions under LSA-R.S.42:62(9), and therefore the prohibition is inapplicable.
However, it has been suggested that the holding of employment with the assessor's office, while holding the local elective office of mayor, would in some respects be incompatible and therefore prohibited. The Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61, et seq., recognize this concern in the provisions of LSA-R.S. 42:61(A), providing:
§ 61. Declaration of policy
 A. It is essential to the maintenance of a democratic society that public officials and employees perform the public business in a manner which serves to promote and maintain in the general citizenry a high level of confidence and trust in public officials, public employees, and governmental decisions. The attainment of this end is impaired when a public official or employee holds two or more public offices or public jobs which by their particular nature conflict with the duties and interests of each other. The attainment of a high level of confidence and trust by the general citizenry in public officials, employees, and governmental decisions is further impaired by the excessive accumulation of governmental power which may result from public officials or employees holding two or more public offices or public jobs.
 B. It is the purposes of this Part to implement a policy which will serve to maintain a high level of trust and confidence by the general citizenry in public officials, employees, and governmental decisions of the government
 of this state and of its political subdivisions by defining and regulating dual employment and by defining, regulating, and prohibiting dual officeholding. (Emphasis added).
Should these positions, while permissible under LSA-R.S.42:63(D), nevertheless be deemed violative of the policy adopted by LSA-R.S. 42:61, the holding of such offices would in fact be deemed impermissible as incompatible under LSA-R.S. 42:64(C):
 C. No other combination of offices or employments shall be deemed to be incompatible unless the powers, functions, or duties are found to be adverse to the public interest as set forth in Section 61 of this Part.
It is incumbent upon the Assessor for Bossier Parish to examine the responsibilities delegated the person holding "employment" with the assessor's office and to determine whether or not those responsibilities conflict with those also charged the individual by virtue of his holding the office of mayor to such an extent that the concurrent holding of the positions would be deemed adverse to the public interest. It is the Assessor's final determination regarding the alleged conflict that would be controlling.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: July 12, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL